UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br> | Hon. William J. Martini<br><br>Crim. No. 25-725 (WJM)<br><br>**ORDER TO SEAL PORTIONS OF THE DOCKET AND FOR OTHER RELIEF**<br><br>**TO BE FILED PUBLICLY** |

This matter having come before the Court on the application of the United States (by Francesca Liquori and Matthew H. Specht, Assistant United States Attorneys, appearing) for an order captioning this matter *United States v. John Doe* and sealing portions of the corresponding docket,, and the Court having considered the letter brief submitted by the United States and those submitted by intervening parties, if any; and for good cause shown,

IT IS THE FINDING OF THIS COURT that:

1.    The proposed Information to be filed in this case arises from ██



2. [redacted]

3. [redacted]

4.    These facts demonstrate a substantial need to partially seal portions of the docket, and override the qualified First Amendment right of the public and press to access this information.

5.    There is no less restrictive alternative to the relief requested herein that will protect the interests at stake. [redacted]

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████.

6.     The Government has proposed restricting access in a narrowly

tailored manner. In this regard, the Government has submitted redacted versions of

the brief in support of the present application and proposed order. In addition, the

Government has requested that the Court only seal or redact documents that, if

discovered, ███████████████████████████████████████.

Moreover, the Government requests to seal the documents only as long as necessary

to protect that interest.

7.     The Supreme Court has recognized that the press and public have a

qualified right of access to various proceedings in criminal cases. *See Richmond*

*Newspapers v. Virginia*, 448 U.S. 555 (1980); *Press-Enterprise v. Superior Court of*

*California*, 464 U.S. 501 (1984).

8.     The right of access is not unqualified.

9.     The Court has provided reasonable notice of its intention to partially

seal the corresponding record.

10.    The Court has, as discussed above, considered alternatives to the

relief sought and finds that there is no reasonable alternative to the restriction on

public access.

11.    Based upon the facts set forth above, the Court finds that: (1) the

Government has presented substantial and compelling interests that would be

3

harmed if the relief sought is not granted, and (2) these interests, and the prejudice

to these interests, override the interests in denying the relief and granting full

access to the corresponding docket.

12.    The Court is narrowly tailoring this order to protect the

public right to access.

13.    The Government's application satisfies the requisite standards set

forth by the Third Circuit prior to restricting public access. *United States v. Criden*,

675 F.2d 550, 554 (3d Cir. 1982); *United States v. Antar*, 38 F.3d 1348 (3d Cir.

1994); *United States v. Raffoul*, 826 F.2d 218 (3d Cir. 1987).

WHEREFORE, it is on this 6th day of January, 2026,

ORDERED that the Government's motion is GRANTED; and it is further

ORDERED that the Clerk's Office shall caption this matter *United States v.*

*John Doe* until otherwise ordered by the Court; and it is further

ORDERED that the following documents in this matter, including but not

limited to: (i) the transcript of Doe's anticipated guilty plea hearing; (ii) the filed

information; (iii) the documents submitted and generated in connection with the

plea hearing, including the proposed information, case assignment request, Clerk's

Office cover sheet previously submitted to the Clerk's Office, plea memorandum,

██████████████████████████████; (iv) the unredacted version of the

Government's letter in support of the present application; and (v) the unredacted

version of this Order, shall be filed under seal until otherwise ordered by the Court.

The Clerk's Office is hereby instructed to file these documents under seal; and it is

4

further

ORDERED that the Court, in conjunction with the parties, shall redact

the documents submitted in connection with the future proceedings under Local

Civil Rule 5 to meet the goal of protecting the interests set forth

above while still granting limited public access; and it is further

ORDERED that once the Court approves a redacted version of a

document, the Court will order that the document be filed on ECF and listed as

the document following the non-redacted (sealed) version of the document.


HONORABLE WILLIAM J. MARTINI
United States District Judge